MGD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward M. Bilducia, Jr., <br> Plaintiff, <br> v. <br> Maricopa County, et al., <br> Defendants. | No. CV 17-04313-PHX-SPL (ESW) <br><br> **ORDER** |

Plaintiff Edward M. Bilducia, Jr., who is currently confined in Arizona State Prison Complex-Lewis, brought this civil rights action pursuant to 42 U.S.C. § 1983 against Maricopa County and Maricopa County Sheriff Paul Penzone. (Doc. 1.) Pending before the Court is Defendant Penzone's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies.[1] (Doc. 19.) Also pending is the Magistrate Judge's Report and Recommendation (R&R) recommending that Defendant Maricopa County be dismissed without prejudice for failure to timely serve pursuant to Federal Rule of Civil Procedure 4(m).[2] (Doc. 22.)

---

[1] Although the Court provided notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc), regarding the requirements of a response to the Motion (Doc. 23), Plaintiff failed to respond to the Motion for Summary Judgment

[2] Neither party has filed objections to the R&R. Accordingly, the Court will accept the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (finding that district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection" (emphasis added)); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the

1    The Court will adopt the Magistrate Judge's R&R, grant the Motion for Summary Judgment, and dismiss this action without prejudice.

**I.     Background**

Plaintiff alleges the following in his Complaint: in February 2017, Plaintiff was taken from a "Protective Administration Prison" to the Maricopa County Fourth Avenue Jail for processing. (Doc. 1 at 3.) Plaintiff informed the officer making housing assignments that he (Plaintiff) was on the Mexican Mafia hit list and he needed to be kept separate from gang members. (Doc. 1 at 3.) Nevertheless, Plaintiff was assigned to General Population (GP) with inmates affiliated with the Mexican Mafia. (*Id.*) Plaintiff was assaulted and taken to the hospital for his injuries. (*Id.*)

Plaintiff alleges that Defendant Penzone is a final policymaker for the Maricopa County Sheriff's Office (MCSO), but Penzone failed to implement policies to secure the safety of protective custody prisoners transported to MCSO facilities; failed to implement policies to inform prisoners of the dangers of being housed in GP; and failed to implement policies to protect inmates at risk from individuals in GP. (*Id.* at 4.) Plaintiff further alleges that Defendant Maricopa County failed to override Penzone's policies to ensure the safety of inmates. (*Id.*)

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a threat-to-safety claim and directed Defendants Penzone and Maricopa County to answer. (Doc. 7.)

Defendant Penzone now moves for summary judgment based on failure to exhaust administrative remedies.

**II.    Legal Standards**

**A.     Summary Judgment**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

magistrate judge's findings and recommendations de novo if objection is made, but not otherwise" (emphasis in original)); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003).

Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

**B.  Exhaustion**

Under the Prison Litigation Reform Act, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). The prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The defendant bears the initial burden to show that there was an available administrative remedy and that the prisoner did not exhaust it. *Albino v. Baca*, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014); *see Brown*, 422 F.3d at 936-37 (a defendant must demonstrate that applicable relief remained available in the grievance process). Once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. The ultimate burden, however, rests with the defendant. *Id.* Summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to the prisoner, shows a failure to exhaust. *Id.* at 1166, 1168; *see* Fed. R. Civ. P. 56(a).

If summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge; a plaintiff is not entitled to a jury trial on the issue of exhaustion. *Albino*, 747 F.3d at 1170-71. But if a court finds that the prisoner exhausted administrative remedies, that administrative remedies were not available, or that the failure to exhaust administrative remedies should be excused, the case proceeds to the merits. *Id.* at 1171.

**III. Facts**

    **A. MCSO Grievance Procedure**

The MSCO grievance procedure is set out in MCSO Policy DJ-3, *Inmate Grievance Procedure*, and it is also explained in the *Rules and Regulations for Inmates*, a copy of which is provided to Plaintiff at the time of his classification process on February 23, 2017. (Doc. 20 ¶¶ 5-7.) Aside from claims of excessive force or Prison Rape Elimination Act complaints, inmates must submit a grievance within 48 hours of the event being grieved, and the grievance must include a proposed resolution. (*Id.* ¶ 6.) Nothing in the *Rules and*

*Regulations for Inmates* says an inmate cannot grieve a perceived failure to house him in Administrative Restrictive Housing (also known as protective custody) when he has requested to be housed there. (*Id*.)

### B. Plaintiff's Grievances

Plaintiff was assaulted on April 6, 2017, 42 days after he went through the classification intake process. (*Id*. ¶ 8.)

Plaintiff submitted grievances before and after the assault, but none of his grievances objected to his placement in GP rather than Administrative Restrictive Housing or protective custody. (*Id*. ¶ 9.) A grievance dated March 19, 2017 asked about access to the day room. (Doc. 20-1 at 36.) A medical grievance dated March 18, 2017 asked for Plaintiff's "back medication." (*Id*. at 37.) A medical grievance dated March 29, 2017 again related to medication for Plaintiff's back pain. (*Id*. at 38.) A medical grievance dated April 11, 2017 states that Plaintiff was in a wheelchair because he was assaulted, but the doctor took his wheelchair from him; Plaintiff asked for "proper care" and help with walking. (*Id*. at 39.) A grievance dated June 1, 2017 complained that Plaintiff was allergic to the deodorant sold at the jail. (*Id*. at 41.) A grievance dated August 3, 2017 related to Plaintiff's back pain and lack of a treatment plan for his pain. (*Id*. at 43.)

In his Complaint, Plaintiff checked the boxes indicating that an administrative remedy was available to him, that he submitted a request for administrative relief regarding his claim against Defendant, and that he appealed his request for administrative relief to the highest level. (Doc. 1 at 3, 6.)

### IV. Discussion

Defendant presents evidence showing that administrative remedies were available at the jail for Plaintiff's claim, that Plaintiff was aware of and used the grievance procedure, but that he did not file any grievances related to the claim underlying this lawsuit. Accordingly, the burden shifts to Plaintiff to either show that he exhausted the available remedies or that the remedy was effectively unavailable to him. *Albino*, 747 F.3d at 1172. The facts in the record do no support either finding.

Plaintiff did not respond to Defendant's Motion, did not provide a separate or controverting statement of facts, and the scant evidence concerning exhaustion available in his verified Complaint fails to create a genuine issue of material fact that Plaintiff, in fact, exhausted his administrative remedies. Merely filling in the boxes on the form Complaint to indicate that he grieved his claim is insufficient.

Because Plaintiff has failed to rebut Defendant's evidence that he did not exhaust the available administrative remedies, and has not presented competent evidence that the administrative remedy was unavailable to him, the Court will grant summary judgment to Defendant Penzone and dismiss Plaintiff's claim against Defendant Penzone without prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) (if a court grants summary judgment on non-exhaustion grounds, dismissal is without prejudice).

**IT IS ORDERED:**

(1) The Magistrate Judge's Report and Recommendation (Doc. 22) is **accepted and adopted** and Defendant Maricopa County is **dismissed from this action without prejudice** for failure to timely serve pursuant to Federal Rule of Civil Procedure 4(m).

(2) The reference to the Magistrate Judge is withdrawn as to Defendant Penzone's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 19), and the Motion is **granted**.

(3) There being no Defendants remaining, this action is **terminated without prejudice** as stated herein, and the Clerk of Court must enter judgment accordingly.

Dated this 29th day of November, 2018.

Honorable Steven P. Logan
United States District Judge